UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL THOMAS GABRIEL,

    Petitioner,

v.

KIM CARGOR,

    Respondent.

Case No. 25-cv-12212

Honorable Robert J. White

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND STAYING THE CASE**

I.    <u>Introduction</u>

Paul Thomas Gabriel is presently incarcerated with the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Gabriel challenges his conviction for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a). Respondent answered the petition.

The Court has determined that the petition contains two claims that Gabriel failed to exhaust with the Michigan state courts. Instead of dismissing the petition without prejudice, it will be held in abeyance and the proceedings will be stayed so that Gabriel may exhaust these claims. In the event Gabriel does not comply with this opinion and order, the Court will dismiss the petition without prejudice.

II.    Background

A Michigan state jury convicted Gabriel in October 2021. (ECF No. 1, PageID.1).  The Muskegon County Circuit Court sentenced him to life in prison without parole. (*Id.*).

Following his conviction, Gabriel moved for a new trial and for an evidentiary hearing, claiming ineffective assistance of counsel.  The state circuit judge denied the motion after conducting an evidentiary hearing.  The Michigan appellate courts affirmed his conviction. *People v. Gabriel,* No. 360162, 2024 WL 132915 (Mich. Ct. App. Jan. 11, 2024), *lv. den.*, 513 Mich. 1111 (2024).

Gabriel now petitions for a writ of habeas corpus on the same grounds that he raised on direct appeal, they are: (1) trial counsel provided ineffective assistance by failing to request a self-defense instruction on the duty to retreat and neglecting to call an expert to testify about Gabriel's behavior and characteristics, (2) the prosecution failed to adduce sufficient evidence to rebut Gabriel's self-defense claim or to establish the requisite elements of premeditation and deliberation to support his first-degree murder conviction, (3) the jury verdict ran contrary to the weight of the evidence, and (4) Gabriel was denied due process when the police failed to preserve surveillance video from the condominium parking area where the shooting occurred.

Gabriel also raises two new ineffective assistance of counsel arguments.  The first contention is that the prosecutor offered to let Gabriel plead guilty to a reduced

charge of manslaughter with a fifty-seven-month sentence.  Gabriel counter-offered, on counsel's advise, to plead no-contest.  The prosecutor then took this counteroffer to the victim's family, but they wanted Gabriel to accept a 120-month sentence if he pled no-contest to the manslaughter charge.  Gabriel alleges that his trial counsel rejected this second offer without consulting him. (ECF No. 1, PageID.7, 9).

The second argument is that Gabriel's appellate counsel did not effectively cross-examine his trial counsel at the post-conviction evidentiary hearing because of their pre-existing professional relationship.  Gabriel also suggests that his appellate counsel edited the trial and post-trial transcripts to remove any of the trial judge's comments that would appear favorable to him. (*Id.*, PageID.15).  Gabriel presented none of these arguments on direct appeal.

III.    Analysis

State prisoners must first exhaust their available state court remedies before raising a federal habeas claim. 28 U.S.C. § 2254(b)-(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Although exhaustion does not implicate jurisdiction, "it is a threshold question that must be resolved" before a federal court can reach the merits of any habeas claim. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissing a

habeas petition asserting claims that the petitioner could have raised in the state courts but did not. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

Now, Respondent does not raise exhaustion as a defense.  But that procedural requirement is not waived unless the state, through counsel, expressly waives it.  *See Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000); *see also* 28 U.S.C. § 2254(b)(3).  And a state's failure to raise exhaustion in the district court does not expressly waive the defense. *See D'Ambrosio v. Bagley*, 527 F.3d 489, 497 (6th Cir. 2008).  Although the "AEDPA does not explain how a state "expressly waives" the exhaustion requirement," a habeas respondent expressly waives the exhaustion requirement when "counsel's conduct during the district court proceedings manifested a clear and unambiguous intent to waive the requirement." *Id.* at 495-96. "Moreover, considerations of comity and federalism require this Court to review the exhaustion issue *sua sponte.*" *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003) (quotation omitted); *see also Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Parker v. Rose,* 728 F.2d 392, 394 (6th Cir.1984).  So Respondent's failure to raise an exhaustion defense does not amount to an express waiver.

Presentment raises another hurdle.  A claim may be considered "fairly presented" only when the petitioner asserts both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion doctrine mandates that the petitioner present the same claim under

the same theory to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

Because Gabriel's new claims are materially different than the ineffective assistance of counsel claims presented on his direct appeal, he did not fairly present them to the state courts. *See Caver v. Straub,* 349 F.3d 340, 346-47 (6th Cir. 2003); *see also Brandon v. Stone,* 226 F. App'x 458, 459 (6th Cir. 2007) (holding that a prisoner did not exhaust his state court remedies pertaining to an ineffective assistance of counsel claim where he did not raise the specific instance of ineffectiveness in the state courts).

Gabriel may exhaust his present claims through filing a Mich. Ct. Rule 6.502 motion for relief from judgment with the Muskegon County Circuit Court. *See Wagner v. Smith,* 581 F.3d at 419.  Denial of the requested relief is then reviewable in the Michigan appellate courts. Mich. Ct. Rule 6.509, 7.203, 7.302; *see also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Gabriel must pursue his ineffective assistance of counsel claims in the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust them. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

But what about the AEDPA's one year statute of limitations? *See* 28 U.S.C. § 2244(d)(1). To protect against the AEDPA's limitations period, a habeas petitioner may file a "protective" petition and request that it be held in abeyance pending the exhaustion of any state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see also Rhines v. Weber,* 544 U.S. 269 (2005). Federal courts may stay a habeas petition, and hold further proceedings in abeyance pending resolution of the state post-conviction proceedings, if there is good cause for the failure to exhaust and the substantive claims are not "plainly meritless." *Rhines*, 544 U.S. at 278. Courts retain the discretion to stay a petition and hold it in abeyance even where, as here, the petitioner does not request this form of relief. *See e.g., Banks v. Jackson*, 149 F. App'x 414, 422, n. 7 (6th Cir. 2005).

Gabriel's claims do not appear to be "plainly meritless." *Wagner*, 581 F.3d at 419. And he may assert that he did not raise his unexhausted claims previously due to the ineffective assistance of appellate counsel. *Id.* at 419 nn. 4-5.

That leaves open the question of timing. When a district court determines that a stay is appropriate, it "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278; *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). To that end, the Court will direct Gabriel to exhaust his claims by filing a post-conviction motion for relief from judgment in the state trial court within sixty (60) days from the date of this opinion and order. He must ask

6

this Court to lift the stay within sixty (60) days of exhausting his state court remedies. "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (quotation omitted).  Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is held in abeyance and the case is stayed.

IT IS FURTHER ORDERED that Gabriel must move for relief from the judgment in the state trial court no later than **60 days** from the date of this opinion and order.

IT IS FURTHER ORDERED that Gabriel must immediately notify this Court when he has filed the state court motion.

IT IS FURTHER ORDERED that Gabriel must ask this Court to lift the stay no later than **60 days** after exhausting his state court remedies.

IT IS FURTHER ORDERED that failure to comply with any of the stay conditions may result in the dismissal of the habeas petition.

7

Dated: May 15, 2026                    _s/Robert J. White_____
                                       Robert J. White
                                       United States District Judge